Case 1:21-cv-00261-JJM-LDA   Document 6-1   Filed 07/02/21   Page 1 of 81 PageID #: 255

STATE OF RHODE ISLAND
PROVIDENCE / BRISTOL          , SC

_____ SUPERIOR COURT

Ashley St. Angelo & Anthony St. Angelo

           v.

Aidan Kearney & Julianne Kearney

:
:
:
:
:
:

C.A. No. PC-2021-00224

**ATTORNEY CERTIFICATION FOR ADMISSION PRO HAC VICE**
SUPREME COURT ARTICLE II, RULE 9(A)

☑  I certify that I am a member in good standing of the bar of the following State(s) without any restriction on my eligibility to practice, and that I understand my obligation to notify this Court immediately of any change to my status in this respect. (*Attach additional pages if needed.*)

| Jurisdiction | Dates of Admission | Bar Number | Current Status |
|---|---|---|---|
| See attached. | | | |
| | | | |
| | | | |
| | | | |
| | | | |

☑  I certify that I am not currently disbarred or suspended in any court.

☑  Below is a complete list of all matters in which I have been sanctioned or disciplined. (*Attach additional pages if needed.*)

| Jurisdiction/Authority | Caption/Case Number | Nature of Allegations | Action Taken |
|---|---|---|---|
| See Attached. | | | |
| | | | |
| | | | |
| | | | |

Supreme-5 (revised March 2017)

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

Case 1:21-cv-00261-JJM-LDA   Document 6-1   Filed 07/02/21   Page 2 of 81 PageID #: 256

☑ The following is a complete and accurate list of *all* proceedings in which I have applied for pro hac vice admission pursuant to Article II, Rule 9(a) of the Supreme Court Rules on the Admission to Practice Law. (*Attach additional pages if needed. Attach docket sheets for all cases listed below and copies of all court orders pertaining to your admission pro hac vice.*)

| Court Filed | Case Name/Number | Date Filed | Admission Granted? |
|---|---|---|---|
| n/a | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

☑ I have read and certify that the Miscellaneous Petition for Admission Pro Hac Vice filed by local counsel with this certification contains true and accurate information regarding my experience which provides the basis for my admission pro hac vice.

☑ I have read, acknowledge, and agree to observe and to be bound by the local rules and orders of this Court, including the Rules of Professional Conduct of the Rhode Island Supreme Court, as the standard of conduct for all attorneys appearing before it.

☑ I acknowledge that if specially admitted to appear in the above-entitled matter that I will be subject to the disciplinary procedures of the Rhode Island Supreme Court. I hereby authorize the disciplinary authorities of the bar of the State(s) listed above to release any information concerning my practice in said State(s) pursuant to the request of the Disciplinary Counsel of the Rhode Island Supreme Court.

☑ For purposes of this case I have associated with local associate counsel identified below, and have read, acknowledge, and will observe the requirements of this Court respecting the participation of local associate counsel, recognizing that failure to do so may result in my being disqualified, either upon the Court's motion or motion of other parties in the case.

Supreme-5 (revised March 2017)

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00261-JJM-LDA    Document 6-1    Filed 07/02/21    Page 3 of 81 PageID #: 257

Signature

Marc J. Randazza

Print Name

Randazza Legal Group, PLLC

Firm Name

30 Western Ave., Gloucester, MA 01930

Business Address


## CERTIFICATION OF LOCAL ASSOCIATE COUNSEL

     I certify that I have read and join in the foregoing Certification, and acknowledge and agree to observe the requirements of this Court as related to the participation and responsibilities of local associate counsel.

Signature

Sean M. Mcateer

Print Name

4118

Rhode Island Bar Number.

N/A

Firm Name

203 South Main Street, Providence, RI 02903

Business Address


Supreme-5 (revised March 2017)

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

**STATE OF RHODE ISLAND**                         **SUPERIOR COURT**

**PROVIDENCE / BRISTOL, SC**

| |
|---|
| ASHLEY ST. ANGELO & ANTHONY ST. ANGELO, |
| v. |
| AIDAN KEARNEY & JULIANNE KEARNEY |

C.A. No. PC-2021-00224

### ATTACHMENT TO ATTORNEY CERTIFICATION FOR

### ADMISSION PRO HAC VICE OF MARC J. RANDAZZA

Applicant is licensed in the following jurisdictions, including federal courts and is an active member in good standing in each of those jurisdictions as follows: SEE ATTACHED LIST, **Exhibit 1**.

Applicant has been sanctioned or the subject of disciplinary action by the Bar or courts of certain jurisdictions in which Applicant is licensed, and Applicant describes such actions as follows:

Applicant was disciplined by one jurisdiction and then subject to reciprocal discipline for conduct of nearly nine years ago. The last jurisdiction to enter reciprocal discipline was Florida, which instead of merely adopting the underlying Nevada stipulated discipline, engaged in its own full fact finding and issued a full independent opinion after a bench trial. The Florida Referee's decision is attached as **Exhibit 2**. The factfinder determined that Applicant did not do anything "actually adverse" to his clients. *See id.* at 6. And there were no "factors in aggravation warranting any discipline in excess of that imposed by Nevada." *Id.* at 8.

In 2018, Applicant was disciplined by the Supreme Court of Nevada for conduct that occurred in 2012. *See* **Exhibit 3**, *In re Marc J. Randazza*, Bar No. 12265, No. 76543 (Nev. Oct. 10, 2018) (Order Approving Conditional Guilty Plea) and **Exhibit 4** (Conditional Guilty Plea).

---

- 1 -

Attachment to Application for Admission Pro Hac Vice

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

1:21-CV-00261-JJM-LDA   Document 6-1   Filed 07/02/21   Page 5 of 81 PageID #: 259

The stipulated and implemented discipline was a twelve-month suspension, stayed for eighteen months, with certain other conditions. *See* **Exhibits 3 & 4**.

The Nevada discipline arose from a negotiated agreement between Applicant and the Southern Nevada Disciplinary Board. The stipulated facts forming the basis of the discipline are as set forth in the enclosed Conditional Guilty Plea.

As set forth in the Conditional Guilty Plea, the discipline arose from a specific circumstance where Applicant represented a company as in-house counsel, along with its sister entity. Those circumstances will not repeat themselves as Applicant is not in-house counsel for any clients and Applicant now recognizes where he misunderstood his ethical obligations.

Applicant fully complied with the State of Nevada discipline and completed his Nevada probation. *See* **Exhibit 5**, Letter from State Bar of Nevada.

Reciprocal discipline in the nature of a probation or stayed suspension was imposed by the State of Arizona, the State of Florida, the Commonwealth of Massachusetts, and the State of California. *See* **Exhibits 6, 2, 7 and 8**. Applicant fully completed the terms of discipline in Arizona, California, and Massachusetts and no suspensions were imposed. *See* **Exhibits 9 & 10**. Among its requirements, California required Applicant to retake the MPRE, wherein he scored a 119. *See* **Exhibit 11**.

Reciprocal discipline of probation or a stayed suspension was imposed by the U.S. District Courts for the District of Massachusetts and for the Southern District of Florida (which probation expired before the discipline issued), and by the U.S. Patent & Trademark Office. *See* **Exhibits 12, 13, and 14**. The District of Massachusetts terminated proceedings on June 23, 2020, without imposing a suspension. *See* **Exhibit 15**. The discipline imposed by the PTO expired on January 23, 2021.

Reciprocal discipline in the nature of an active suspension was imposed by the U.S. District Court for the District of Nevada, which expired on April 10, 2020. *See* **Exhibit 16**. Applicant was reinstated on June 9, 2020. *See* **Exhibit 17**.

- 2 -

Attachment to Application for Admission Pro Hac Vice

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

1:21-CV-00261-JJM-LDA    Document 6-1    Filed 07/02/21    Page 6 of 81 PageID #: 260

The U.S. Court of Appeals for the Federal Circuit stayed all proceedings pending the completion of the Nevada discipline and terminated proceedings on May 28, 2020 without imposing discipline. *See* **Exhibit 18**.

Every other state court, Federal court, or Federal agency to issue a determination in response to the Nevada state discipline has either declined to take action, stayed all proceedings, or issued a stayed suspension or probation, or has readmitted Applicant.

Finally, Applicant discloses that on December 9, 2013, an order of sanctions was entered against him for an improper deposition communication with his client. *See* **Exhibit 19.** Applicant misunderstood the applicable rule and has not been the subject of any other sanctions in his career.

Applicant is aware of no other matters in which he has been sanctioned or disciplined.

Dated: April 21, 2021

Marc J. Randazza
Applicant

---

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

Case 1:21-cv-00261-JJM-LDA   Document 6-1   Filed 07/02/21   Page 7 of 81 PageID #: 261

# **<u>Exhibit 1</u>**

Marc J. Randazza Admissions List

# Marc J. Randazza, Esq.

## State Bar Admissions

| State | Date of Admission | Bar No. | Good Standing |
|---|---|---|---|
| Commonwealth of Massachusetts | 01/24/2002 | 651477 | Yes |
| State of Florida | 03/25/2003 | 625566 | Yes |
| State of California | 05/20/2010 | 269535 | Yes |
| State of Arizona | 08/26/2010 | 027861 | Yes |
| State of Nevada | 01/06/2012 | 12265 | Yes |

## Federal Court Admissions

| Title of Court | Date of Admission | Good Standing |
|---|---|---|
| Supreme Court of the United States | 02/28/2005 | Yes |
| U.S. Court of Appeals for the First Circuit | 05/08/2003 | Yes |
| U.S. Court of Appeals for the Second Circuit | 08/14/2018 | Yes |
| U.S. Court of Appeals for the Fourth Circuit | 11/06/2015 | Yes |
| U.S. Court of Appeals for the Sixth Circuit | 07/30/2013 | Yes |
| U.S. Court of Appeals for the Seventh Circuit | 11/06/2009 | Yes |
| U.S. Court of Appeals for the Ninth Circuit | 09/04/2009 | Yes |
| U.S. Court of Appeals for the Tenth Circuit | 11/03/2011 | Yes |
| U.S. Court of Appeals for the Eleventh Circuit | 06/20/2003 | Yes |
| U.S. Court of Appeals for the Federal Circuit | 09/01/2006 | Yes |
| U.S. District Court for the District of Massachusetts | 06/12/2002 | Yes |
| U.S. District Court for the Northern District of Florida | 05/17/2005 | Yes |
| U.S. District Court for the Middle District of Florida | 06/09/2003 | Yes |
| U.S. District Court for the Southern District of Florida | 08/04/2006 | Yes |
| U.S. District Court for the Northern District of Texas | 11/12/2009 | Yes |
| U.S. District Court for the Eastern District of California | 06/08/2010 | Yes |
| U.S. District Court for the Southern District of California | 06/08/2010 | Yes |
| U.S. District Court for the Central District of California | 06/08/2010 | Yes |
| U.S. District Court for the Northern District of California | 06/22/2010 | Yes |
| U.S. District Court for the District of Arizona | 10/19/2010 | Yes |
| U.S. District Court for the District of Colorado | 03/28/2011 | Yes |
| U.S. District Court for the District of Nevada | 02/01/2012 | Yes |
| U.S. District Court for the Eastern District of Wisconsin | 06/18/2010 | Yes |
| U.S. District Court for the Northern District of Ohio | 02/13/2012 | Yes |
| U.S. District Court for the Eastern District of Michigan | 06/30/2009 | Yes |

1

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

Case 1:21-cv-00261-JJM-LDA   Document 6-1   Filed 07/02/21   Page 9 of 81 PageID #: 263

# __Exhibit 2__

The Florida Bar Referee's Report and Supreme Court Order

IN THE SUPREME COURT OF FLORIDA
(Before a Referee)

THE FLORIDA BAR,

    Complainant,

v.

MARC JOHN RANDAZZA,

    Respondent.

_____/

Supreme Court Case
No. SC19-188

The Florida Bar File
No. 2020-00,216(2B) NFC

## REPORT OF REFEREE

## I.  SUMMARY OF PROCEEDINGS

Pursuant to the undersigned being duly appointed as referee to conduct disciplinary proceedings herein according to Rule 3-7.6, Rules of Discipline, the following proceedings occurred:

This is a reciprocal discipline case.  The Respondent filed The Notice of Discipline by a Foreign Jurisdiction (Nevada) in the Florida Supreme Court and had as attachments the Nevada Order Approving a Conditional Guilty Plea and the underlying Conditional Guilty Plea. Respondent's Exhibit 3; Tr. Vol. II, page 235, lines 8-10. On January 6, 2019, The Florida Bar filed its Formal Complaint against Respondent.  On February 19, 2019, The Florida Bar noticed respondent that a case Management Conference would be conducted by the referee on March 8, 2019.   On May 3, 2019, the referee commenced the Final Hearing in this matter.

Mr. Fisher, counsel for The Florida Bar, Mr. Weiss, counsel for the Respondent

and the Respondent, Mr. Randazza, were present.   Needing additional time to

conclude the Final Hearing, the parties rescheduled the second day.  Due to events

beyond everyone's control, the Final Hearing was rescheduled again.  The second

day of the Final Hearing convened on January 8, 2020.  All items properly filed

including pleadings and exhibits in evidence and the report of referee constitute the

record in this case and are forwarded to the Supreme Court of Florida.

II. <u>FINDINGS OF FACT</u>

    <u>Jurisdictional Statement.</u>  Respondent is, and at all times mentioned during

this investigation was a member of The Florida Bar subject to the jurisdiction and

Disciplinary Rules of the Supreme Court of Florida.

    <u>Narrative Summary Of Case</u>.

    Because this is a reciprocal discipline action, it is based on the Findings of

Fact, Conclusions of Law and Recommendation of the Southern Nevada

Disciplinary Board of the State Bar of Nevada dated July 10, 2018 and Order

Approving Conditional Guilty Plea Agreement of the Supreme Court of the State

of Nevada, dated October 10, 2018.  The Supreme Court of the State of Nevada

imposed a 12 month suspension, stayed for 18 months of probation subject to

conditions.  Those findings of fact and Order are attached to The Florida Bar's

Formal Complaint.

2

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00261-JJM-LDA   Document 6-1   Filed 07/02/21   Page 12 of 81 PageID #: 266

In or about June 2009, the Respondent drafted and signed a Legal Services Agreement with Excelsior Media Corp. (Excelsior) which provided that the Respondent would become "in-house" general counsel. The Agreement did not prohibit the Respondent from maintaining ad private practice or providing legal services to other clients so long as there was no conflict of interest with Excelsior. Excelsior had a subsidiary or affiliate company, Liberty Media Holdings, LLC (Liberty), which engaged in the production and distribution of pornography. The Respondent provided legal services to both entities, but did not have a separate agreement with Liberty.

In February 2011, Excelsior relocated its corporate offices to Las Vegas, Nevada. The Respondent followed in June 2011 and was admitted to the Nevada Bar in January 2012. Until his admission, the Respondent did not engage in the practice of law in the State of Nevada, except as a member of the bar of the U.S. District Court for the District of Nevada.

On or about June 20, 2012, the Respondent filed a lawsuit against FF Magnat Limited d/b/a Oron.com (Oron) for alleged violations of Liberty's intellectual property. On or about June 21, 2012, the Respondent obtained and injunction against Oron freezing certain accounts and funds of Oron. On July 1, 2012, the Respondent and attorneys for Oron signed a Settlement Letter with regard to the Oron litigation and a similar case between the two parties in Hong

3

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00281-JJM-LDA   Document 6-1   Filed 07/02/21   Page 13 of 81 PageID #: 267

Kong.  The parties agreed that Oron would pay Liberty $550,000 payable to the

Respondent's trust account.  A dispute arose after the Settlement Letter was

signed.  Liberty filed a Motion to Enforce the settlement letter which the United

States District Court granted on August 7, 2012.  Liberty obtained a Judgment

against Oron for $550,000.  As part of the Post-Judgment settlement negotiations,

Oron  informed the Respondent that it wanted to enter into an agreement to

retainthe Respondent for bona fide legal services.  Specifically, Oron wanted the

Respondent to advise it how to avoid this type of litigation in the future and how to

restructure the company so as to not be subject to jurisdiction in the United States.

Tr. II, page 215, lines 2-25, 216, lines 1-14. Subject to the agreement of Liberty

and its execution of a Post-Judgment agreement, the Respondent negotiated a

separate agreement with Oron whereby he would receive $75,000 of Oron's frozen

funds. On August 6, 2012, while still in litigation representing Excelsior against

Oron, the Respondent executed a $75,000 non-refundable,  "earned upon receipt

retainer" to represent  FF Magnat, the parent company of Oron. Tr. II, page 254,

lines 17-28 and page 258, lines 8-14, The retainer agreement clearly stated that it

could not take effect unless and until Liberty's dispute with Oron was fully

resolved. See Transcript, Vol. Il, at 215:20-216:1 & 239:25-240:7.  The

Respondent presented and subsequently discussed the Post-Judgment Agreement,

which included payment of the $550,000 and the $75,000  retainer for future

4

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00281-JJM-LDA   Document 6-1   Filed 07/02/21   Page 14 of 81 PageID #: 268

services with Oron, with the CEO of Liberty, Mr. Gibson. The agreement was never consummated because Mr. Gibson disapproved it. Tr. II, page 214-216, line 14; 217, lines 3-7. The Respondent did not receive the retainer fee of $75,000.

On August 21, 2012, the Court ordered Pay Pal, Inc. to transfer $550,000 of Oron funds to the Randazza Legal Group trust account. A full and proper accounting occurred with Liberty receiving its share.

Concurrent with the United States litigation between Liberty and Oron, the Respondent and Mr. Gibson also discussed pursuing litigation against Oron and/or its affiliates in Hong Kong. The Respondent estimated those costs, excluding attorney's fees, to be approximately $50,000. Mr. Gibson said Liberty to advance $25,000 if the Respondent would personally advance $25,000. The Respondent agreed and requested and Liberty executed a promissory note to him for $25,000. The Respondent did not advise Liberty, in writing, to seek the advice of independent counsel regarding the promissory note. The Respondent and Excelsior parted ways on or about August 29, 2012. They dispute whether he resigned or was terminated.

Following his departure from Excelsior, the Respondent engaged in litigation against Excelsior, Liberty and Jason Gibson, individually over among other things money he alleged was owed to him by his former employers. The parties submitted the matter to arbitration. After a five day trial, the Arbitrator

5

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

1:21-CV-00281-JJM-LDA    Document 6-1    Filed 07/02/21    Page 15 of 81 PageID #: 269

issued an Interim Arbitration award (IAA) in favor of the employers and against the Respondent. The Florida Bar's Exhibit 1. The Referee does not give any weight to the IAA for several reasons. First, the IAA was vacated in its entirety, after a court refused to confirm it, by voluntary agreement and by order of a court of competent jurisdiction. Respondent's Exhibit 12; Tr. Vol. II, page 196, lines 18-23. Second, the burden of proof for the IAA is a preponderance of the evidence, not the clear and convincing standard as required by these proceedings. Third, the Arbitrator's findings that the Respondent engaged in unethical conduct based on testimony and evidence that occurred over a five day trial and that has not been presented or observed by this Referee are of little weight. The IAA was not a basis for any discipline by the State Bar of Nevada. While the Referee may be sympathetic to the amount of time, energy and money that the Respondent's employers spent to litigate the IAA issues, sympathy should play no part in the Referee's recommendation.

The Florida Bar argued and presented evidence of other alleged conflicts of interest engaged in by the Respondent when he represented other clients whose interests were allegedly adverse to Excelsior or Liberty. There is no clear and convincing evidence to suggest that anything the Respondent may have done on behalf of his other clients was actually adverse to Excelsior or Liberty. The Respondent testified it was not. Tr. II, page 203, line 1-204, line 24 and 246, line

6

4-248, line 7. The Respondent was authorized under his employment agreement to

do so. Tr. Vol. II, page 198: 23-25. The Florida Bar's witness, Mr. Dunlap,

offered no examples of a single matter where such representation was adverse. Tr.

Vol. II, page 281, line 23-284, line 23. The only instance in which there was a

conceivable conflict was with respect to the representation of XVideos, but as soon

as a potential conflict arose, Respondent acted to withdraw and the conflict never

ripened. Tr. Vol. II, page 248, lines1-7. Mr. Dunlap's testimony regarding 10

Group fails to show that the Respondent represented 10 Group in that transaction.

There was no conflict of interest where he briefly represented 10 Group regarding

an unrelated litigation matter. The Nevada bar investigated these conflicts and no

such conflicts were found. Tr. Vol. II, page 265, lines 3-11.

Since the imposition of the Nevada Order, every other state in which

Respondent is admitted has issued reciprocal discipline tracking the Nevada Order.

Specifically:

1.     Arizona: The Presiding Disciplinary Judge issued a Final Judgment
and Order of Reprimand and Probation placing Mr. Randazza on 18 months of
probation, concurrent with the Nevada discipline. Respondent's Exhibit 4; Tr. Vol.
II, page 189, line 11-13.

2.     California: The Supreme Court of California issued a one-year
suspension, stayed for one year, to be terminated upon satisfying the terms of the
stay, which includes quarterly reporting and passing the MPRE. Respondent's
Exhibit 9; Tr.Vol. II, page 188, lines 15-24

3.     Massachusetts: The Supreme Judicial Court issued an Order of Term
Suspension/Stayed, suspending Mr. Randazza for 12 months, stayed for 18

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

1:20-CV-00261-JJM-LDA   Document 6-1   Filed 07/02/21   Page 17 of 81 PageID #: 271

months, retroactive to the date of the Nevada discipline, with the suspension to be lifted upon compliance with the Nevada Order. Respondent's Exhibit 10; Tr. Vol. II, page 189, lines5-10.

None of these jurisdictions found any factors in aggravation warranting any discipline in excess of that imposed by Nevada. Tr.Vol. II, page 224, line22-225,, line 11. To date, Respondent's right to practice law has not been suspended.

Additionally, proceeding in the Federal Appellate Courts (10th, 11th and Federal Circuit) all deferred to the Nevada Order. Respondent's Exhibit 4. The Supreme Court of the United States and the U.S. Courts of Appeals for the 1st, 2nd, 4th, 6th, 7th and 9th Circuits to date, have not taken any action despite timely notice. Tr. Vol. II, page 241, lines 2-9.

Despite being put on notice of the Nevada Order, the U.S. District Courts for the Northern & Middle Districts of Florida, the Northern District of Texas, the Northern, Central, Eastern, & Southern Districts of California, the Eastern District of Wisconsin, the Eastern District of Michigan, the Northern District of Ohio, and the District of Montana (admitted pro hac vice) have taken no action toward reciprocal discipline. Tr. Vol. II, page 241, lines 2-9. The matter was referred to an investigatory subcommittee of the Ad Hoc Committee on Attorney Admissions, Peer Review and Attorney Grievance of the U.S. District Court for the Southern District of Florida following Respondent's response to a show cause order. Since the Final Hearing, on May 8, 2020, the U.S. District Court for the Southern District

8

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00261-JJM-LDA    Document 6-1    Filed 07/02/21    Page 18 of 81 PageID #: 272

of Florida adopted the disciplinary measures imposed by Nevada.  See In re: Marc

John Randazza, Case No. 18 MC 25230  (S.D. Fla. Feb. 6, 2019).  This document

is of record pursuant to the granting of the Respondent's Motion to Supplement the

Record. The U.S. District Court for the District of Massachusetts, upon the consent

of Respondent, imposed reciprocal discipline in the nature of a 12-month

suspension, stayed for 18 months, retroactive to October 10, 2018, conditioned

upon compliance with the Nevada Order. See Respondent's Exhibit 4, In re: Marc

J Randazza, Misc. Bus. Dict. No. 18-mc-81490-FDS (D. Mass. sept. 26, 2019).

Only the U.S. District Court for the District of Nevada, which did not act on

the prompt notice of the Nevada Order until September 2019, issued an order

placing the Respondent on active suspension until the expiration of the Nevada

state probation, subject to reinstatement upon discharging all conditions. See In re:

Marc J. Randazza, Case No. 2: 19-cv-01765-MMD (D. Nev. Oct. 22, 2019). The

reason given was that the court had "neither the obligation, resources, nor

inclination to monitor Mr. Randazza's compliance with the probationary conditions

the [Nevada Supreme Court] imposed on him." Id. at 1; Tr. Vol. II, page 241, lines

10-14.

Finally, the Referee does not find persuasive the numerous character letters

submitted by the Respondent nor the testimony of his character witnesses, who

were unfamiliar with the facts surrounding his discipline. Like the IAA award, the

9

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00261-JJM-LDA    Document 6-1    Filed 07/02/21    Page 19 of 81 PageID #: 273

Referee does not give any weight to these letters whether sent directly to the Referee's chambers or filed as an exhibit.

III.    <u>RECOMMENDATIONS AS TO GUILT.</u>

I recommend that Respondent be found guilty of violating the following Rules Regulating The Florida Bar: 4-1.8(a) and Rule 4-5.6(b).

STANDARDS FOR IMPOSING LAWYER SANCTIONS

I considered the following Standards prior to recommending discipline: 3.0, 4.3, 9.1, 9.2 and 9.3.

IV.    <u>RECOMMENDATION AS TO DISCIPLINARY MEASURES TO BE APPLIED</u>

I recommend that Respondent be found guilty of misconduct justifying disciplinary measures, and that he be disciplined by:

A.    One year of probation with a public reprimand and that the Respondent successfully complete the thirty hours of Florida continuing legal education ethics hours, and

B.    Payment of The Florida Bar's costs in these proceedings.

V.    <u>PERSONAL HISTORY, PAST DISCIPLINARY RECORD</u>

Prior to recommending discipline pursuant to Rule 3-7.6(m)(1)(D), I considered the following:

Age: 50 Years of Age.

10

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

1:21-CV-00281-JJM-LDA    Document 6-1    Filed 07/02/21    Page 20 of 81 PageID #: 274

Date of Bar Admission: March 3, 2003

Prior Discipline:    None

Aggravating Factors:  Standard 9.2

      (d)    multiple offenses; and

      (i)    substantial experience in the practice of law.

Mitigating Factors:

      (a)    absence of a prior disciplinary record.

## VI.  STATEMENT OF COSTS AND MANNER IN WHICH COSTS SHOULD BE TAXED

I find the following costs were reasonably incurred by The Florida Bar:

| | |
|---|---|
| Investigative Costs | $105.25 |
| Administrative Costs | $1250.00 |
| Court Reporter's Fees | $1532.00 |
| Total | $2887.25 |

It is recommended that such costs be charged to Respondent and that interest

at the statutory rate shall accrue and be deemed delinquent 30 days after the

judgment in this case becomes final unless paid in full or otherwise deferred by the

Board of Governors of The Florida Bar.

Dated this 7th day of July 2020.

/S/ *Dawn Caloca Johnson*
Dawn Caloca-Johnson, Referee
301 South Monroe Street
Tallahassee, FL 32301-1861

11

Originals To:

Clerk of the Supreme Court of Florida; Supreme Court Building; 500 South Duval Street, Tallahassee, Florida, 32399-1927

Conformed Copies to:

James Keith Fisher, Bar Counsel, at jfisher@floridabar.org, and

John A. Weiss, Counsel for Respondent, at jweiss@rumberger.com

12

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00281-JJM-LDA    Document 6-1    Filed 07/02/21    Page 22 of 81 PageID #: 276

# Supreme Court of Florida

### THURSDAY, SEPTEMBER 3, 2020

**CASE NO.: SC19-188**
Lower Tribunal No(s).:
2015-00,718(2B)

THE FLORIDA BAR          vs.    MARC JOHN RANDAZZA

_____

Complainant(s)                          Respondent(s)

     The Court approves the uncontested referee's report and reprimands respondent.

     Respondent is further placed on probation for one year under the terms and conditions set forth in the report. Respondent shall comply with all other terms and conditions in the report.

     Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Marc John Randazza in the amount of $2,887.25, for which sum let execution issue.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, and COURIEL, JJ., concur.

A True Copy
Test:

John A. Tomasino
Clerk, Supreme Court

ca
Served:
LESLIE LAGOMASINO BAUM                      JAMES KEITH FISHER
HON. DAWN CALOCA-JOHNSON, JUDGE             JOHN A. WEISS
PATRICIA ANN TORO SAVITZ

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00201-JJM-LDA   Document 6-1   Filed 07/02/21   Page 23 of 81 PageID #: 277

# **Exhibit 3**

Order Approving Conditional Guilty Plea, *In re Marc J. Randazza*, Bar No. 12265, No. 76543
(Nev. Oct. 10, 2018)

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00261-JJM-LDA    Document 6-1    Filed 07/02/21    Page 24 of 81 PageID #: 278

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
MARC J. RANDAZZA, BAR NO. 12265.

No. 76453

**FILED**

OCT 10 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

*ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Marc J. Randazza. Under the agreement, Randazza admitted to violating RPC 1.8(a) (conflict of interest: current clients: specific rules) and RPC 5.6 (restrictions on right to practice) in exchange for a 12-month suspension, stayed for a period of 18 months subject to conditions.

Randazza has admitted to the facts and the violations alleged in two counts set forth in the amended complaint.[1] The record therefore establishes that Randazza violated the above-listed rules by loaning money to his client without informing the client in writing of the desirability of obtaining independent counsel, and by negotiating with opposing counsel to receive, as part of a settlement, a retainer for future legal services.

As Randazza admitted to the violations as part of the plea agreement, the issue for this court is whether the agreed-upon discipline

---

[1]In exchange for Randazza's guilty plea, the State Bar agreed to dismiss the remaining seven counts in the amended complaint.

SUPREME COURT
OF
NEVADA

(O) 1947A

18-39837

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00281-JJM-LDA    Document 6-1    Filed 07/02/21    Page 25 of 81 PageID #: 279

sufficiently protects the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Randazza has admitted to violating duties owed to his client (conflict of interest) and the legal profession (restrictions on right to practice), and the admitted facts reflect that the misconduct was knowing. His conduct may have caused a delay in the disbursement of settlement funds to his client. The baseline sanction for both rule violations, before considering aggravating and mitigating circumstances, is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.32 (Am. Bar Ass'n 2017) (providing that suspension is appropriate when a lawyer "knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client"); *id.* Standard 7.2 (providing that suspension is appropriate when a lawyer "knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"). The record supports one aggravating circumstance (substantial experience in the practice of law) and three mitigating circumstances (absence of prior disciplinary record, full and free disclosure to disciplinary authority or cooperative attitude toward proceeding, and delay in disciplinary proceedings). Considering all the factors, we conclude that the agreed-upon discipline is appropriate.



Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00261-JJM-LDA   Document 6-1   Filed 07/02/21   Page 26 of 81 PageID #: 280

Accordingly, we hereby suspend Marc J. Randazza for 12 months, stayed for 18 months commencing on the date of this order, subject to the following conditions: (1) Randazza shall "stay out of trouble" during the probationary period, "meaning that he will have no new grievance arising out of conduct post-dating the date of the plea which results in the imposition of actual discipline (a Letter of Reprimand or above, SCR 102) against him"; (2) he shall successfully complete 20 hours of CLE in ethics in addition to his normal CLE requirements during the probationary period; (3) he shall seek the advice and approval of an independent and unaffiliated ethics attorney in the relevant jurisdiction before obtaining any conflicts of interest waivers during the probationary period; and (4) he shall pay the actual costs of the disciplinary proceeding, including $2,500 under SCR 120, within 30 days of this court's order, if he has not done so already. The State Bar shall comply with SCR 121.1

It is so ORDERED.

_____, C.J.
Douglas

_____, J.                     _____, J.
Cherry                                          Gibbons

_____, J.                     _____, J.
Pickering                                       Hardesty

_____, J.                     _____, J.
Parraguirre                                     Stiglich

**SUPREME COURT**
**OF**
**NEVADA**

(O) 1947A 

3

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00261-JJM-LDA   Document 6-1   Filed 07/02/21   Page 27 of 81 PageID #: 281

cc:    Chair, Southern Nevada Disciplinary Panel
        Gentile, Cristalli, Miller, Armeni & Savarese, PLLC
        Bar Counsel, State Bar of Nevada
        Kimberly K. Farmer, Executive Director, State Bar of Nevada
        Perry Thompson, Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A 

4

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

2:20-cv-00261-JJM-LDA   Document 6-1   Filed 07/02/21   Page 28 of 81 PageID #: 282

# **Exhibit 4**

Conditional Guilty Plea, *In re Marc J. Randazza*, Bar No. 12265, No. 76543
(Nev. June 5, 2018)

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00261-JJM-LDA    Document 6-1    Filed 07/02/21    Page 29 of 81 PageID #: 283

🏛 **FILED**

**JUN 05 2018**

STATE BAR OF NEVADA
BY: _____
OFFICE OF BAR COUNSEL

Case No.:  OBC15-0747

STATE BAR OF NEVADA

SOUTHERN NEVADA DISCIPLINARY BOARD

| | |
|---|---|
| STATE BAR OF NEVADA, | ) |
| | ) |
| Complainant, | ) |
| | ) |
| vs. | ) |
| | ) |
| MARC J. RANDAZZA, ESQ., | ) |
| | ) |
| Nevada Bar No. 012265, | ) |
| Respondent. | ) |

**CONDITIONAL GUILTY PLEA
IN EXCHANGE FOR A STATED
FORM OF DISCIPLINE**

Marc J. Randazza ("Respondent"), Bar No. 012265 hereby tenders to Assistant Bar Counsel for the State Bar of Nevada a Conditional Guilty Plea ("Plea") pursuant to Supreme Court Rule ("SCR") 113(1) and agrees to the imposition of the following Stated Form of Discipline in the above-captioned cases.

I.

**CONDITIONAL GUILTY PLEA**

Through the instant Plea, Respondent agrees and admits as follows:

1.      Respondent is now and at all times since January 6, 2012 was a licensed attorney in the State of Nevada.

2.      The State Bar filed a Formal Complaint on the above referenced case on January 25, 2016.   Thereafter, the State Bar filed an Amended Complaint on December 16, 2016. Respondent filed various Motions to Dismiss the Amended Complaint and then ultimately filed a Verified Response to the Amended Complaint on October 23, 2017.

3.      In accordance with the Stipulation of Facts herein, Respondent pleads guilty and admits that he violated Rules of Professional Conduct ("RPC") as follows:

**SBN EXH 1, PG.0001**

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00261-JJM-LDA    Document 6-1    Filed 07/02/21    Page 30 of 81 PageID #: 284

## II.
## STIPULATION OF FACTS

The facts stipulated to and agreed upon between Respondent and the State Bar of Nevada in support of this conditional plea are as follows:

1. Respondent is now a licensed attorney in the states of Nevada, California, Florida, Arizona, and Massachusetts. Respondent became licensed in the State of Nevada on or about January 6, 2012 and has been assigned Bar No. 12265.

2. In or about June 2009, Respondent entered into an agreement with Excelsior Media Corp ("Excelsior") which provided, among other things, that Respondent would become in-house general corporate counsel for Excelsior ("Legal Services Agreement"). The Legal Services Agreement did not prohibit Respondent from also maintaining a private legal practice to provide legal services to clients other than Excelsior.

3. At the time the Legal Services Agreement was entered into, Excelsior was headquartered in California and Respondent was licensed to practice law in the State of Florida. For a period of time following execution of the Legal Services Agreement, Respondent relocated to California, obtained admission to the State Bar of California, and maintained his primary office to perform legal work for Excelsior in California.

4. At the time the Legal Services Agreement was entered into, Excelsior had a subsidiary or affiliate called Liberty Media Holdings, LLC ("Liberty"). Liberty was engaged in the business of production and distribution of pornography. After entering into the Legal Services Agreement, Respondent provided legal services to both Excelsior and Liberty, although no separate agreement was entered into by and between Liberty and Respondent.

5. In or about February 2011, Excelsior relocated its corporate headquarters to Las Vegas, Nevada. In or about June 2011, Respondent relocated to Las Vegas, Nevada and continued working as general corporate counsel for Excelsior. Prior to June 2011, Respondent was not

**SBN EXH 1, PG.0002**

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00201-JJM-LDA    Document 6-1    Filed 07/02/21    Page 31 of 81 PageID #: 285

engaged in the practice of law in the State of Nevada in any capacity, except to the extent such was in his capacity as a member of the bar of the U.S. District Court for the District of Nevada.

6.    At the direction of Excelsior, Respondent pursued violations of Liberty's intellectual property rights by third parties through his separate law firm.

7.    On or about June 20, 2012, Respondent, on behalf of Liberty, filed a lawsuit in US District Court, District of Nevada against FF Magnat Limited d/b/a Oron.com ("Oron") for alleged violations of Liberty's intellectual property. See Case No. 2:12-cv-01057-GMN-RJJ (hereinafter "Oron Litigation").

8.    On or about June 21, 2012, Respondent obtained an injunction in the Oron Litigation freezing certain accounts and funds belonging to Oron.

9.    On July 1, 2012, Respondent and attorneys for Oron signed a letter memorializing settlement terms in regards to the Oron Litigation and a similar case between the two parties in Hong Kong (hereinafter "Settlement Letter"). An essential part of the Settlement Letter was that Oron would pay Liberty the sum of $550,000 with said sum payable to Respondent's Attorney-Client Trust Account.

10.    A dispute arose after the Settlement Letter was signed. On behalf of Liberty, Respondent filed a Motion to Enforce Settlement.

11.    By Order dated August 7, 2012, the United States District Court found that the Settlement Letter constituted an enforceable contract as there was a "meeting of the minds as to all material terms on July 5, 2012." A Judgment was entered in the docket of the above-entitled Court in favor of Liberty as Judgment Creditor and against Oron as Judgment Debtor for $550,000.00.

12.    By Order dated August 21, 2012, the United States District Court ordered PayPal, Inc., to transfer funds belonging to Oron to satisfy the Judgment by paying $550,000.00 to the trust account of Randazza Legal Group.

**SBN EXH 1, PG.0003**

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

...CV-00261-JJM-LDA   Document 6-1   Filed 07/02/21   Page 32 of 81 PageID #: 286

13.     Between August 7, 2012 and August 13, 2012, Respondent and Oron continued discussions regarding reducing the terms of the Settlement Letter and the Judgment into a more definitive written agreement although the District Court had already enforced the settlement and reduced the $550,000.00 settlement amount ("Settlement Amount") to judgment ("Post-Judgment Discussions").

14.     During the Post-Judgment Discussions, Oron informed Respondent that it wanted to enter into an agreement to retain Respondent for bona fide legal services, which would have the practical effect of potentially conflicting off Respondent from ever representing a client in litigation against Oron in the future.

15.     Subject to the agreement of Liberty and Liberty's execution of a written agreement, Respondent negotiated a separate agreement with Oron whereby $75,000 of Oron's frozen funds would be released to Oron's counsel with the understanding, but no guarantee, that such funds would be used to retain Respondent as counsel for Oron for the payment of $75,000, which would have the practical effect of potentially conflicting Respondent off any future litigation against Oron ("Post-Judgment Agreement").

16.     On or about August 13, 2012, Respondent informed Liberty of the proposed Post-Judgment Agreement by presenting a copy thereof to Liberty's CEO Jason Gibson for his review, approval and signature.   The Post-Judgment Agreement encompassed the payment of the $550,000 Settlement Amount and Judgment by Oron to Liberty as well as the release of $75,000 of Oron's frozen funds to Oron's counsel.

17.     On or about August 13, 2012, Respondent and Jason Gibson discussed the proposed unfreezing of $75,000 of Oron's funds. Jason Gibson expressed concerns to Respondent about the disposition of that $75,000 and did not consent to such unfreezing.

18.     As a result of the August 13, 2012 discussion between Jason Gibson and Respondent, the Post-Judgment Agreement was not executed.   Oron's frozen funds were not

**SBN EXH 1, PG.0004**

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

1:21-CV-00281-JJM-LDA    Document 6-1    Filed 07/02/21    Page 33 of 81 PageID #: 287

released, Respondent did not receive a $75,000 payment, and Respondent did not become counsel for Oron which might have conflicted him off from opposing Oron in future litigation.

19.    In response to the District Court's Order dated August 21, 2012, PayPal transferred $550,000 of Oron's funds to pay the $550,000 Settlement Amount and Judgment in favor of Liberty.   A full and proper accounting of those funds has occurred with Liberty receiving its appropriate share.

20.    During August of 2012, Respondent and Jason Gibson also discussed pursuing further litigation on behalf of Liberty against Oron and/or its affiliates or related parties in overseas jurisdictions.   Respondent estimated additional litigation costs and expenses (not to include attorney's fees) in an amount approximating $50,000. Mr. Gibson informed Respondent that Liberty was prepared to advance $25,000 for additional costs and expenses if Respondent would advance the other half.  Respondent informed Mr. Gibson that he would personally advance the additional required $25,000.  To memorialize the $25,000 as an advancement of costs and expenses, Respondent requested Liberty execute a promissory note to that effect.

21.    On or about August 21, 2012, pursuant to Respondent's advancement to Liberty of the $25,000, Mr. Gibson signed a promissory note on Liberty's behalf noting the terms of repayment.

22.    Respondent did not advise Liberty, in writing, of its right to seek the advice of independent counsel with regards to the promissory note.

23.    Respondent's employment by Excelsior ceased on or about August 29, 2012 after he indicated a likely need to withdraw from representing Liberty.  Respondent and Excelsior dispute whether Respondent resigned or was terminated by Excelsior.

24.    RPC 5.6 reads, in part, that "[a] lawyer shall not participate in offering or making ... [a]n agreement in which a restriction on the lawyer's right to practice is part of the settlement of a client controversy."  As part of the negotiations culminating in the drafting of the proposed

**SBN EXH 1, PG.0005**

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00261-JJM-LDA    Document 6-1    Filed 07/02/21    Page 34 of 81 PageID #: 288

Post-Judgment Agreement to which Liberty was a proposed party and signatory, Respondent offered to enter into an agreement which would have the likely effect of restricting Respondent's right to practice law.

25. RPC 1.8(a) mandates that "a lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory security or other pecuniary interest adverse to a client unless: (1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client, and(b) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction." Respondent did not advise Liberty, in writing, of the desirability or advisability of seeking the advice of independent legal counsel on the fairness of the $25,000 advance or give Liberty the reasonable opportunity to seek the advice of independent counsel before accepting the advance and signing the promissory note.

## AGGRAVATION / MITIGATION

1. Pursuant to SCR 102.5(1) (Aggravation and mitigation), the Parties considered the following *aggravating* factors in considering the discipline to be imposed:

    (i) Substantial experience in the practice of law.

2. Pursuant to SCR 102.5(2) (Aggravation and mitigation), the Parties considered the following *mitigating* factors in considering the discipline to be imposed:

    (a) Absence of prior disciplinary record;

    (e) Full and free disclosure to disciplinary authority or cooperative attitude toward proceeding including Respondent's self-reporting of the results of an arbitration proceeding which reopened this matter after the initial complaint had been closed;

**SBN EXH 1, PG.0006**

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00261-JJM-LDA   Document 6-1   Filed 07/02/21   Page 35 of 81 PageID #: 289

(j)     Delay in disciplinary proceedings recognizing that all allegations relate to alleged conduct occurring almost 6 and 7 years prior to this Conditional Guilty Plea with no further complaints filed with the bar subsequent to that time.

## III.
## STATED FORM OF DISCIPLINE

Based upon the above and foregoing, the Parties agree to recommend attorney discipline subject to the following conditions:

1.     The Respondent agrees to accept a term of suspension of 12 months, with the suspension stayed; said suspension is to begin on the date of the Nevada Supreme Court's Order approving the conditional guilty plea in this matter.

2.     The Respondent will be placed on an eighteen-month term of probation, said probation to begin on the date of the Nevada Supreme Court's order approving the conditional guilty plea in this matter.

3.     The Respondent will "stay out of trouble" during his term of probation, meaning that he will have no new grievance arising out of conduct post-dating the date of this Conditional Guilty Plea resulting in the imposition of actual discipline (a Letter of Reprimand or above- SCR 102) against him during his term of probation.

4.     The Respondent will successfully complete twenty hours of Continuing Legal Education ("CLE"), in addition to his normal CLE requirements, during his term of probation. The twenty CLE hours will all be ethics credits, cannot be used as credit against any other CLE requirements, and will be reported to the State Bar of Nevada.

5.     The Respondent will seek the advice and approval of an independent and unaffiliated ethics attorney in the relevant jurisdiction before obtaining any conflicts of interest waivers during the probationary period.

**SBN EXH 1, PG.0007**

6.    The Respondent agrees to pay SCR 120(1) fees in the amount of $2,500.00, and to pay the actual costs of the disciplinary proceeding. That amount is to be paid in full within thirty days of receipt of a billing from the State Bar.

7.    If any of these terms is violated by the Respondent, it will be grounds for the State Bar to seek to impose the stayed portion of the suspension.

## IV.
## CONDITIONAL AGREEMENT BY THE STATE BAR

Conditional to approval by the Nevada Supreme Court of the instant Plea, the State Bar agrees to:

1.    Dismiss all remaining allegations of violations of Rules, with prejudice.

## V.
## APPROVAL OF RESPONDENT

Having read the Plea and being satisfied with it, the same is hereby approved by Respondent.

Respondent acknowledges that he has had the opportunity to discuss this Plea with counsel of his choosing. Respondent fully understands the terms and conditions set forth herein and enters into this Plea freely and voluntarily.

DATED this __ day of May, 2018.

Marc J. Randazza, Esq.
Nevada Bar No. 012265
c/o Dominic Gentile. Esq.
410 South Rampart Boulevard, Suite 420
Las Vegas, NV  89145

**SBN EXH 1, PG.0008**

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00281-JJM-LDA    Document 6-1    Filed 07/02/21    Page 37 of 81 PageID #: 291

V.

## APPROVAL OF BAR COUNSEL

Having read the Plea tendered by Respondent and being satisfied with the contents therein, I hereby approve and recommend the Plea for approval by the Formal Hearing Panel.

DATED this _4_ day of ~~May,~~ *June* 2018.

STATE BAR OF NEVADA
Janeen V. Isaacson, Acting Bar Counsel

By: _____

Matthew Carlyon
Assistant Bar Counsel
Nevada Bar No. 12712
3100 W. Charleston Blvd., Suite 100
Las Vegas, Nevada, 89102

**SBN EXH 1, PG.0009**

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00201-JJM-LDA   Document 6-1   Filed 07/02/21   Page 38 of 81 PageID #: 292

# __Exhibit 5__

Letter from State Bar of Nevada
(April 13, 2020)

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00201-JJM-LDA   Document 6-1   Filed 07/02/21   Page 39 of 81 PageID #: 293

# STATE BAR OF NEVADA

April 13, 2020

**<u>Via email only to mjr@randazza.com</u>**

Marc Randazza, Esq.
2764 Lake Sahara Dr.
Suite 109
Las Vegas, NV 89117

Re:  Compliance with Nevada Supreme Court Order filed October 10, 2018

Dear Mr. Randazza:

Our records reflect that you have successfully completed the conditions of your stayed suspension as set forth in the Nevada Supreme Court's Order filed October 10, 2018, in Case No. 76453, and no actual suspension will be imposed.

Congratulations on your successful completion of probation.  Our file in the matter is now closed.

Please do not hesitate to contact our office if you have any questions.

Sincerely,



Daniel Hooge (Apr 13, 2020)

Daniel M. Hooge
Bar Counsel

/lw

3100 W. Charleston Blvd.
Suite 100
Las Vegas, NV 89102
phone 702.382.2200
toll free 800.254.2797
fax 702.385.2878

9456 Double R Blvd., Ste. B
Reno, NV 89521-5977
phone 775.329.4100
fax 775.329.0522

*www.nvbar.org*

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00281-JJM-LDA    Document 6-1    Filed 07/02/21    Page 40 of 81 PageID #: 294

# 2020.04.13_Randazza letter

**Final Audit Report**                                                                              2020-04-13

| | |
|---|---|
| Created: | 2020-04-13 |
| By: | Belinda Felix (belindaf@nvbar.org) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAUrl0u3COu_Dl8BmR1itrFUKf5kVWRMfB |

# "2020.04.13_Randazza letter" History

📄 Document created by Belinda Felix (belindaf@nvbar.org)
2020-04-13 - 5:04:06 PM GMT- IP address: 68.224.102.64

✉ Document emailed to Daniel Hooge (danh@nvbar.org) for signature
2020-04-13 - 5:04:32 PM GMT

📄 Email viewed by Daniel Hooge (danh@nvbar.org)
2020-04-13 - 5:33:42 PM GMT- IP address: 98.167.70.177

✍ Document e-signed by Daniel Hooge (danh@nvbar.org)
Signature Date: 2020-04-13 - 5:33:48 PM GMT - Time Source: server- IP address: 98.167.70.177

✅ Signed document emailed to Daniel Hooge (danh@nvbar.org) and Belinda Felix (belindaf@nvbar.org)
2020-04-13 - 5:33:48 PM GMT

 Adobe Sign

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

Case 1:21-cv-00201-JJM-LDA   Document 6-1   Filed 07/02/21   Page 41 of 81 PageID #: 295

# **Exhibit 6**

Final Judgement and Order of Reprimand and Probation, State of Arizona
(January 14, 2019)

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00201-JJM-LDA   Document 6-1   Filed 07/02/21   Page 42 of 81 PageID #: 296

**BEFORE THE PRESIDING DISCIPLINARY JUDGE**

| | |
|---|---|
| IN THE MATTER OF A MEMBER OF THE STATE BAR OF ARIZONA, <br><br> **MARC J. RANDAZZA,** <br> **Bar No. 027861** <br><br> Respondent. | **PDJ-2018-9110** <br><br> **FINAL JUDGMENT AND ORDER OF REPRIMAND AND PROBATION** <br><br> [State Bar No. 18-3420-RC] <br><br> **FILED JANUARY 14, 2019** |

Under Rules 54(h) and 57(b), *Reciprocal Discipline*, Ariz. R. Sup. Ct.,[1] a certified copy of the Supreme Court of Nevada's Order Approving Conditional Guilty Plea Agreement was received by the Presiding Disciplinary Judge (PDJ).

The Order imposed a 12-month suspension, which was stayed for 18 months subject to conditions. The conditions include the following terms: Respondent shall have no new grievances out of conduct post-dating the date of the plea which results in the imposition of discipline; 2) successfully complete during the period of probation 20 hours of continuing legal education (CLE) in ethics in addition to any yearly CLE requirements; 3) seek the advice and approval of an independent and unaffiliated ethics attorney in the relevant jurisdiction before obtaining any conflict of interest waivers during the period of probation; 4) pay actual costs of disciplinary

---

[1] Unless otherwise stated, all rule references are to the Ariz. R. Sup. Ct.

1

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00281-JJM-LDA   Document 6-1   Filed 07/02/21   Page 43 of 81 PageID #: 297

proceeding including $2,500.00 under SCR 120. The suspension was for Mr. Randazza's failure to avoid conflict of interests with clients and failure to advise the client of their right to seek the advice of independent counsel regarding a promissory note.

Notice of the filing of that Order was issued to the parties on November 11, 2018, in compliance with Rule 57(b)(2). Under Rule 57(b)(3), the PDJ "shall impose the identical or substantially similar discipline" unless Bar Counsel or Respondent establishes by preponderance of the evidence one of the four elements listed under that rule. Both the State Bar and Mr. Randazza filed responses. The State Bar asserts under Rule 57(b)(3), no factors are applicable, and a sanction of reprimand and probation are appropriate under the facts of this matter. Mr. Randazza asserts suspension in this matter is not warranted and would in fact be punitive. He states the appropriate resolution in this matter is to stay these proceedings until successful completion his term of probation in Nevada and to then dismiss this matter. In the alternative, Mr. Randazza requests a reprimand, or at most, be placed on probation with no additional terms.

Arizona does not recognize a stayed suspension subject to conditions. Rule 60, Ariz. R. Sup. Ct. Therefore, the imposition of an identical sanction is not appropriate and a suspension in Arizona may not be stayed in favor of probation.

2

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00281-JJM-LDA   Document 6-1   Filed 07/02/21   Page 44 of 81 PageID #: 298

We are reminded that the objective of lawyer discipline proceedings is to protect the public, the profession, and the administration of justice, and not to punish the lawyer. *In re Neville,* 147 Ariz. 106, 708 P.2d 1297. Imposing a reprimand and probation serves to advise the Bar and the public that Mr. Randazza engaged in conduct that violated the Rules of Professional Conduct. It serves the purpose of protecting the public, the integrity of the profession, educating other lawyers, and instilling confidence in the integrity of the disciplinary process. A reprimand and eighteen (18) months of probation is substantially similar discipline

Now Therefore,

**IT IS ORDERED** imposing reciprocal discipline of reprimand and eighteen (18) months of probation upon Respondent, **MARC J. RANDAZZA, Bar No. 027861,** effective immediately.

**IT IS FURTHER ORDERED** Mr. Randazza shall be placed on probation for eighteen (18) months to run concurrently with the terms and conditions as set forth in the Nevada Order Approving Guilty Plea Agreement dated October 10, 2018.

**IT IS FURTHER ORDERED** Mr. Randazza shall be responsible for the costs associated with this matter in the amount of $1,200.00.

**DATED** this 14th day of January 2019.

*William J. O'Neil*
**William J. O'Neil, Presiding Disciplinary Judge**

3

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

PC-2021-00201-JJM-LDA    Document 6-1    Filed 07/02/21    Page 45 of 81 PageID #: 299

Copy of the foregoing e-mailed/mailed
this 14th day of January 2019, to:

| | |
|---|---|
| Jon Weiss | Maret Vessella |
| Lewis Roca Rothgerber Christie LLP | Chief Bar Counsel |
| 201 E. Washington Street, Suite 1200 | State Bar of Arizona |
| Phoenix, AZ  85004-2595 | 4201 North 24th Street, Suite 100 |
| Email: jweiss@lrrc.com | Phoenix, AZ 85016-6288 |
| Respondent's Counsel | Email: LRO@staff.azbar.org |

by: <u>AMcQueen</u>

4

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

# **Exhibit 7**

Order of Term Suspension/Stayed, Commonwealth of Massachusetts
(May 14, 2019)

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                            SUPREME JUDICIAL COURT
                                       FOR SUFFOLK COUNTY
                                       NO:  BD-2018-110

IN RE: MARC JOHN RANDAZZA

<u>ORDER OF TERM SUSPENSION/STAYED</u>

This matter came before the Court, Gaziano, J., on a
Petition for Reciprocal Discipline pursuant to S.J.C. Rule 4:01,
§ 16, and the Order entered in the Supreme Court of the State of
Nevada filed by the Office of Bar Counsel on December 11, 2018.

On December 12, 2018, an Order of Notice issued and was
served on the lawyer in the manner specified in S.J.C. Rule
4:01, § 21, directing him to inform the Court within thirty
(30) days why the imposition of the identical discipline would
be unwarranted in the Commonwealth of Massachusetts. On January
15, 2019, the lawyer filed his response to the petition and a
hearing was scheduled for March 26, 2019. On March 19, 2019,
counsel for the lawyer filed a motion to continue the hearing,
which was allowed by this Court and the hearing was rescheduled
for May 2, 2019.  Bar Counsel's reply to the lawyer's response
was filed by Acting Bar Counsel on April 2, 2019, and the lawyer
then filed his memorandum in response to Acting Bar Counsel's
reply on April 26, 2019.

RECEIVED
5/14/2019 2:54 PM
MAURA S. DOYLE, CLERK
SUPREME JUDICIAL COURT
THE COUNTY OF SUFFOLK

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00281-JJM-LDA   Document 6-1   Filed 07/02/21   Page 48 of 81 PageID #: 302

Upon consideration thereof, and after a hearing attended by acting bar counsel, the lawyer and his counsel;

It is ORDERED that:

Marc John Randazza is hereby suspended from the practice of law in the Commonwealth of Massachusetts for a period of twelve (12) months, with the execution of the suspension stayed for a period of eighteen (18) months, retroactive to October 10, 2018, conditioned upon the lawyer's compliance with the Order entered in the Supreme Court of Nevada, attached hereto and incorporated herein.

After eighteen (18) months from October 10, 2018, the lawyer may file an affidavit of compliance with the Office of Bar Counsel and the Clerk of the Supreme Judicial Court for the County of Suffolk, that he has complied with this Order. Upon receipt, and with the assent of the Office of Bar Counsel, the lawyer may then request that this court issue an order that he is no longer subject to the twelve (12) month suspension for the misconduct that gave rise to the instant petition for discipline.

By the Court, (Gaziano, J.)

Assistant Clerk

Entered: May 14, 2019

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

2:13-CV-00281-JJM-LDA   Document 6-1   Filed 07/02/21   Page 49 of 81 PageID #: 303



**EXHIBIT**
**_A_**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
MARC J. RANDAZZA, BAR NO. 12265.

No. 76453

**FILED**

OCT 10 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

### *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Marc J. Randazza. Under the agreement, Randazza admitted to violating RPC 1.8(a) (conflict of interest: current clients: specific rules) and RPC 5.6 (restrictions on right to practice) in exchange for a 12-month suspension, stayed for a period of 18 months subject to conditions.

Randazza has admitted to the facts and the violations alleged in two counts set forth in the amended complaint.[1] The record therefore establishes that Randazza violated the above-listed rules by loaning money to his client without informing the client in writing of the desirability of obtaining independent counsel, and by negotiating with opposing counsel to receive, as part of a settlement, a retainer for future legal services.

As Randazza admitted to the violations as part of the plea agreement, the issue for this court is whether the agreed-upon discipline

---

[1]In exchange for Randazza's guilty plea, the State Bar agreed to dismiss the remaining seven counts in the amended complaint.

SUPREME COURT
OF
NEVADA

(0) 1947A

18-39837

sufficiently protects the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Randazza has admitted to violating duties owed to his client (conflict of interest) and the legal profession (restrictions on right to practice), and the admitted facts reflect that the misconduct was knowing. His conduct may have caused a delay in the disbursement of settlement funds to his client. The baseline sanction for both rule violations, before considering aggravating and mitigating circumstances, is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.32 (Am. Bar Ass'n 2017) (providing that suspension is appropriate when a lawyer "knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client"); *id.* Standard 7.2 (providing that suspension is appropriate when a lawyer "knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"). The record supports one aggravating circumstance (substantial experience in the practice of law) and three mitigating circumstances (absence of prior disciplinary record, full and free disclosure to disciplinary authority or cooperative attitude toward proceeding, and delay in disciplinary proceedings). Considering all the factors, we conclude that the agreed-upon discipline is appropriate.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00261-JJM-LDA    Document 6-1    Filed 07/02/21    Page 51 of 81 PageID #: 305

Accordingly, we hereby suspend Marc J. Randazza for 12 months, stayed for 18 months commencing on the date of this order, subject to the following conditions: (1) Randazza shall "stay out of trouble" during the probationary period, "meaning that he will have no new grievance arising out of conduct post-dating the date of the plea which results in the imposition of actual discipline (a Letter of Reprimand or above, SCR 102) against him"; (2) he shall successfully complete 20 hours of CLE in ethics in addition to his normal CLE requirements during the probationary period; (3) he shall seek the advice and approval of an independent and unaffiliated ethics attorney in the relevant jurisdiction before obtaining any conflicts of interest waivers during the probationary period; and (4) he shall pay the actual costs of the disciplinary proceeding, including $2,500 under SCR 120, within 30 days of this court's order, if he has not done so already. The State Bar shall comply with SCR 121.1

It is so ORDERED.

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                          Gibbons

_____, J.          _____, J.
Pickering                       Hardesty

_____, J.          _____, J.
Parraguirre                     Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A

3

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00261-JJM-LDA    Document 6-1    Filed 07/02/21    Page 52 of 81 PageID #: 306

cc:   Chair, Southern Nevada Disciplinary Panel
      Gentile, Cristalli, Miller, Armeni & Savarese, PLLC
      Bar Counsel, State Bar of Nevada
      Kimberly K. Farmer, Executive Director, State Bar of Nevada
      Perry Thompson, Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A

4

# Exhibit 8

Order on Discipline, *In re Marc J. Randazza,* No. S258331
(CA. Dec. 11, 2019)

SUPREME COURT

# FILED

(State Bar Court No. SBC-19-J-30338)

DEC 1 1 2019

Jorge Navarrete Clerk

**S258331**

Deputy

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re MARC JOHN RANDAZZA on Discipline

The court orders that Marc John Randazza (Respondent), State Bar Number 269535, is suspended from the practice of law in California for one year, execution of that period of suspension is stayed, and Respondent is placed on probation for one year subject to the following conditions:

1. Respondent must comply with the conditions of probation recommended by the Hearing Department of the State Bar Court in its Order Approving Stipulation filed on August 13, 2019; and

2. At the expiration of the period of probation, if Respondent has complied with the terms of probation, the period of stayed suspension will be satisfied and that suspension will be terminated.

Respondent must provide to the State Bar's Office of Probation proof of taking and passing the Multistate Professional Responsibility Examination as recommended by the Hearing Department in its Order Approving Stipulation filed on August 13, 2019. Failure to do so may result in suspension. (Cal. Rules of Court, rule 9.10(b).)

Costs are awarded to the State Bar in accordance with Business and Professions Code section 6086.10 and are enforceable both as provided in Business and Professions Code section 6140.7 and as a money judgment.

CANTIL-SAKAUYE

*Chief Justice*

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

Case 1:20-cv-00201-JJM-LDA   Document 6-1   Filed 07/02/21   Page 55 of 81 PageID #: 309

# **Exhibit 9**

Arizona State Bar's Notice of Successful Completion of Probation
(April 16, 2020)

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00281-JJM-LDA   Document 6-1   Filed 07/02/21   Page 56 of 81 PageID #: 310

FILED
4/16/2020
/s/ BRANDI ENSIGN

Maret Vessella, Bar No. 019350
Chief Bar Counsel
State Bar of Arizona
4201 N. 24th Street, Suite 100
Phoenix, Arizona 85016-6266
Telephone (602)340-7272
Email: LRO@staff.azbar.org

### BEFORE THE PRESIDING DISCIPLINARY JUDGE

| | |
|---|---|
| IN THE MATTER OF A MEMBER OF THE STATE BAR OF ARIZONA, | **PDJ 2018-9110** |
| | **NOTICE OF SUCCESSFUL COMPLETION OF PROBATION** |
| **MARC J. RANDAZZA**<br>**Bar No. 027861** | File No. **18-3420-RC** |
| Respondent. | |

Pursuant to Rule 60(a)(5)(C), Ariz. R. Sup. Ct., the State Bar, through undersigned bar counsel, hereby notifies the Presiding Disciplinary Judge of the Supreme Court of Arizona that Respondent has successfully complied with the terms of probation, and the probation is therefore completed.

DATED this 16th day of April, 2020.


_/s/Maret Vessella_____
Maret Vessella
Chief Bar Counsel


Original electronically filed with the Disciplinary Clerk of
the Office of the Presiding Disciplinary Judge
of the Supreme Court of Arizona
this 16th day of April, 2020.

1

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

2:21-CV-00281-JJM-LDA   Document 6-1   Filed 07/02/21   Page 57 of 81 PageID #: 311

Copy of the foregoing emailed
this 16th day of April, 2020, to:

Jon D. Weiss
Lewis Roca Rothgerber Christie LLP
201 E. Washington St, Ste 1200
Phoenix, AZ  85004-2595
Email: jweiss@lrrc.com
Respondent's Counsel

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266

Compliance Monitor
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266


by:  /s/Jackie Brokaw_____

2

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

1:21-cv-00281-JJM-LDA   Document 6-1   Filed 07/02/21   Page 58 of 81 PageID #: 312

# **Exhibit 10**

Discharge of Suspension, Commonwealth of Massachusetts
(April 27, 2020)

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                     SUPREME JUDICIAL COURT
                                                FOR SUFFOLK COUNTY
                                                No:  BD-2018-110


IN RE: MARC JOHN RANDAZZA


ORDER


This matter came before the Court, Gaziano, on the motion
for an order to enter that the lawyer is no longer subject to the
twelve month suspension imposed by this Court's May 14, 2018 Order
of Term Suspension/Stayed, the execution of which was stayed for
eighteen (18) months retroactive to October 10, 2018, and
conditioned upon the lawyer's compliance with the Order entered in
the Supreme Court of Nevada.  With the Office of Bar Counsel
assenting to the motion and the fact that execution of the
suspension was stayed, the lawyer was never in fact suspended from
the practice of law, therefore no formal order of reinstatement
is required.

Upon consideration thereof, it is ORDERED that Marc John
Randazza shall no longer be subject to the twelve (12) month

RECEIVED
4/27/2020 7:55 AM
MAURA S. DOYLE, CLERK
SUPREME JUDICIAL COURT
THE COUNTY OF SUFFOLK

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

Case 1:21-cv-00261-JJM-LDA   Document 6-1   Filed 07/02/21   Page 60 of 81 PageID #: 314

term suspension for the misconduct that gave rise to the petition

for discipline.

By the Court, (Gaziano, J.)

Assistant Clerk

Entered: 4/27/2020

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

Case 1:21-cv-00261-JJM-LDA   Document 6-1   Filed 07/02/21   Page 61 of 81 PageID #: 315

# **Exhibit 11**

Marc J. Randazza MPRE Score

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

1:20-CV-00281-JJM-LDA    Document 6-1    Filed 07/02/21    Page 62 of 81 PageID #: 316

4/9/2020                                    File Cabinet - NCBE Account

## MPRE Score

Name: MARC RANDAZZA
NCBE Number: N10473643
Date of Birth: 11/26/1969

Your score on the Multistate Professional Responsibility Examination (MPRE) administered on 03/13/2020 is as follows:

Scaled Score: 119

The score shown above has been reported to CALIFORNIA as you requested when you registered for the MPRE.

**Your MPRE score will be available on your NCBE account only until the next MPRE test date. If you want to obtain your score after that, you will need to request a score transcript, and pay the required fee. Therefore, we recommend that you save this page and/or print it for your records.**

Each jurisdiction determines its own passing score on the MPRE. You may find a jurisdiction's passing score, as well as contact information for its bar admission agency, by selecting the jurisdiction from the interactive map. Any questions about admission requirements pertaining to MPRE scores should be directed to the bar admission agency in the jurisdiction to which you are applying.

The MPRE scaled score is a standard score. Standard scaled scores range from 50 (low) to 150 (high).

**MPRE Score Services: All MPRE score services listed below must be requested under the Score Services tab or from the File Cabinet of your NCBE account.**

- MPRE Score Report: If you would like to have your MPRE score sent to another jurisdiction, you must submit a request to NCBE for a score report. Score reports are sent to jurisdictions by secure transfer.
- MPRE Score Verification: If you would like to have the scoring of your MPRE answer sheet rechecked by hand, you must request a score verification. **Score verification requests must be submitted to NCBE within two months of the original test date.**
  Note: See link in File Cabinet to request a MPRE Score Verification. This link is only visible when the service is available.
- MPRE Unofficial Score Transcript: If you would like a replacement copy of your MPRE score after it is no longer available on this page, you must submit a request to NCBE for an MPRE Unofficial Score Transcript. The transcript will include all the MPRE scores you earned from 1999 to the present. All scores on the MPRE Unofficial Score Transcript are duplicative of score information provided following the exam. MPRE Unofficial Score Transcripts will be available in the File Cabinet of your NCBE account, and are not sent by mail.

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

Case 3:21-cv-00201-JJM-LDA   Document 6-1   Filed 07/02/21   Page 63 of 81 PageID #: 317

# **Exhibit 12**

Order of Term Suspension/Stayed, U.S. District Court for the District of Massachusetts
(Sept. 26, 2019)

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| IN RE:  **MARC J. RANDAZZA** | ) | MISC. BUSINESS DOCKET |
|  | ) | No.: 18-mc-91490-FDS |
|  | ) |  |
|  | ) |  |
|  | ) |  |

## ORDER OF TERM SUSPENSION/STAYED

WHEREAS, on March 28, 2019, the United States Patent and Trademark Office has cause to file with this Court a certified copy of an Order of Term Suspension/Stayed with respect to Attorney **MARC J. RANDAZZA**;

1.    WHEREAS, pursuant to Local Rule 83.6.9(b), on September 4, 2019, "Notice of Filing of Disciplinary Action" and "Order to Show Cause" were filed in this Court and copies sent (along with a copy of the Local Rule) via certified mail to **MARC J. RANDAZZA**;

2.    WHEREAS, on September 19, 2019, Attorney James S. Bolan on behalf of **MARC J. RANDAZZA** filed a Response to Order to Show Cause consenting to reciprocal discipline.

WHEREFORE, pursuant to Local Rule 83.6.9(c), this Court hereby imposes the identical discipline, and **MARC J. RANDAZZA** is hereby suspended from this Court for a period of twelve (12) months, with the execution of the suspension stayed for a period of eighteen (18) months, retroactive to October 10, 2018, conditioned upon the lawyer's successful compliance with the Order entered in the Supreme Court of Nevada.

Sept. 26, 2019

Date

F. Dennis Saylor, District Judge

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.
2:20-cv-00201-JJM-LDA   Document 6-1   Filed 07/02/21   Page 65 of 81 PageID #: 319

# **Exhibit 13**

Order Adopting Second Amended and Final Report and Recommendation,
U.S. District Court for the Southern District of Florida
(May 8, 2020)

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**ADMINISTRATIVE ORDER 2020-29**
**CASE # 18-MC-25320**

In re:  **MARC JOHN RANDAZZA**
       **FLORIDA BAR # 625566**



_____/

### <u>ORDER ADOPTING SECOND AMENDED AND FINAL REPORT AND</u>
### <u>RECOMMENDATION</u>

On February 6, 2019, this Court asked the Ad Hoc Committee on Attorney Admissions, Peer Review, and Attorney Grievance (the "Committee") to conduct disciplinary proceedings or to make recommendations to the Court for appropriate action in light of attorney Marc John Randazza's discipline by the Supreme Court of Nevada.  (ECF No. 8).  Randazza was suspended from the practice of law by the Supreme Court of Nevada on October 10, 2018, "for 12 months, stayed for 18 months."  *See In the Matter of Discipline of Randazza,* 428 P.3d 260 (2018) ("Nevada Order") (ECF No. 2).  This matter initially came to the attention of this Court by letters from Randazza on three separate occasions, informing the Court of the Nevada Order.  (ECF Nos. 3-5).  Prior to the referral to the Committee, this Court issued an Order to Show Cause for Randazza to respond to the Nevada Order.  (ECF No. 6).  Randazza responded that any "disciplinary action should be deferred until the successful completion of the period of probation" imposed by the Nevada Order.  (ECF No. 7).  In a Supplement to his Response, Randazza informed the Court and Committee that he completed the CLE requirement imposed by the Nevada Order and that the United States Court of Appeals for the Eleventh Circuit renewed his admission to the bar of that Court despite the Nevada Order.  (ECF No. 9).

On April 1, 2020, after reviewing the record provided by Randazza and having confirmed with him that "he is currently in compliance with the requirements of his probation and is unaware of the existence of any further disciplinary matters brought against him," the Committee issued its

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

Report and Recommendation, recommending that this Court adopt the same disciplinary measures imposed in the Nevada Order in addition to requiring that Randazza confirm in writing that he has not been subject to any disciplinary matters since his probation began.  (ECF No. 12).   After the Report and Recommendation was issued, Randazza sent an email to the Committee explaining that while he has not been subject to any new discipline and believed that the Report and Recommendation was limited to only new discipline, he wanted to update the Committee of other reciprocal orders of discipline already imposed upon him from the Bar of Massachusetts, the Bar of California, the U.S. District Court for the District of Massachusetts, the U.S. District Court for the District of Nevada, and the U.S. Patent and Trademark Office.   (ECF Nos. 18, 13-17).

On April 21, 2020, the Committee issued an Amended Report and Recommendation, in which it responded to Randazza's disclosure of reciprocal discipline orders from other courts. (ECF No. 19).   The Committee found that "[u]nder the applicable rules of this Court, all of these suspensions should have been reported as they occurred" pursuant to Rule 8(a) of the Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys ("Attorney Rules"), Local Rules of the United States District Court for the Southern District of Florida.  *Id*.  As a consequence, the Committee recommended that this Court "continue Mr. Randazza's probation for an additional year, until April 10, 2021," that Randazza immediately report any changes to the reciprocal discipline orders or new discipline imposed from other courts, and provide the Court with periodic status reports.  *Id*.  Randazza responded with a request that the Committee withdraw its Amended Report and Recommendation and maintain its initial Report and Recommendation or issue a revised Report and Recommendation that does not characterize his conduct as knowingly violating Rule 8(a).  ("Response to Amended Report and Recommendation") (ECF No. 20).

On April 28, 2020, the Committee issued a Second Amended and Final Report and Recommendation, acknowledging receipt and consideration of Randazza's Response to Amended

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

Report and Recommendation but only modifying its recommendations to the extent of eliminating the additional year of probation.  (ECF No. 10).  Randazza filed a Response to Second Amended and Final Report and Recommendation in which he "consents to the discipline and requirements recommended by the Committee and respectfully requests that this Court enter an order adopting the recommendations."  (ECF No. 11).

This Court is in agreement with the Committee's finding that "[u]nder the applicable rules of this Court, all of these suspensions should have been reported as they occurred" and that "Mr. Randazza should have been aware of his obligation to report these orders when they were issued." (ECF No. 10).  Randazza raised the argument that Rule 8(a) only applies to reporting the original discipline and that if he had to report all reciprocal discipline in other jurisdictions, "it would mean that . . . [he] could be potentially reporting dozens of orders to this Court."  (ECF No. 20).  These arguments lack merit.  Rule 8(a)[1], which is the first procedure where discipline is imposed by other courts, unequivocally directs members of this Bar to report, without modifier, "discipline," a catch-all to the more specific forms of reprimand, suspension, or disbarment.  To infer a limitation on "discipline" to only original and not reciprocal discipline would imply an inherent exception that is not there.  Reciprocal discipline is still discipline.  Furthermore, the argument about having to "potentially" report "dozens of orders to this Court" is exactly the purpose Rule 8(a) is intended to serve.  While it may be "potentially" burdensome, it is an obligation as a member of this Court's Bar to inform this Court of discipline imposed by other courts so this Court is adequately informed of the activities of its members.

Given this background, in accordance with Rule 8(d) and the Court's inherent power to regulate membership in its bar for the protection of the public interest, *see Chambers v. NASCO,*

---

1 Rule 8(a) in its entirety states:  "An attorney admitted to practice before this Court shall, upon being subjected to reprimand, discipline, suspension, or disbarment by a court of any state, territory, commonwealth, or possession of the United States, or by any other court of the United States or the District of Columbia, shall promptly inform the Clerk of the Court of such action."

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

*Inc.*, 501 U.S. 32, 43 (1991) ("[A] federal court has the power to control admission to its bar and to discipline attorneys who appear before it."), having reviewed the file, considered the Committee's Second Amended and Final Report and Recommendation, it is hereby

ORDERED AND ADJUDGED that the Committee's Second Amended and Final Report and Recommendation is ADOPTED and the matter is CLOSED.

IT IS FURTHER ORDERED as follows:

1. This Court ADOPTS the disciplinary measures imposed in the Nevada Order with the same probationary requirements set to expire on April 10, 2020;

2. Randazza is to *immediately* file notice with this Court under the above case number of any changes to his status in Massachusetts, California, Nevada, or any U.S. District or Circuit Courts or the U.S. Patent Office;

3. Randazza is to *immediately* file notice with this Court under the above case number of any discipline recommended in Florida, Arizona, or any other jurisdiction filed by the complainant there;

4. Randazza is to *immediately* file notice with this Court under the above case number of any other matters as required by Rules 8 through 10 of the Attorney Rules; and

5. Randazza is to provide this Court a status report under the above case number of any pending disciplinary charges, reviews or proceedings occurring anywhere on the 90th, 180th and 270th day from the entry of this Order, with a final status report due on April 10, 2021.

DONE and ORDERED in Chambers at Miami, Miami-Dade County, Florida, this 8th day of May, 2020.

*K. M. Moore*

K. MICHAEL MOORE
UNITED STATES CHIEF DISTRICT JUDGE

Copies furnished as follows:   See attached

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

c:     All South Florida Eleventh Circuit Court of Appeals Judges
        All Southern District Judges
        All Southern District Bankruptcy Judges
        All Southern District Magistrate Judges
        United States Attorney
        Circuit Executive
        Federal Public Defender
        Clerks of Court – District, Bankruptcy and 11th Circuit
        Florida Bar and National Lawyer Regulatory Data Bank
        Library
        Clinton Payne, Chair, Ad Hoc Committee on Attorney Admissions, Peer Review and
            Attorney Grievance
        Marc John Randazza

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

Case 1:21-cv-00281-JJM-LDA   Document 6-1   Filed 07/02/21   Page 71 of 81 PageID #: 325

# **Exhibit 14**

U.S. Patent & Trademark Office Final Order
(July 23, 2019)

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

Case 1:21-cv-00281-JJM-LDA   Document 6-1   Filed 07/02/21   Page 72 of 81 PageID #: 326



## UNITED STATES PATENT AND TRADEMARK OFFICE

### OFFICE OF THE GENERAL COUNSEL

July 23, 2019

Mr. Marc J. Randazza
Randazza Legal Group, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

CERTIFIED MAIL *7017 2620 0000 0105 7585*
RETURN RECEIPT REQUESTED

<u>PERSONAL AND CONFIDENTIAL</u>
Re: File No. D2019-25

FINAL ORDER PURSUANT TO 37 C.F.R. § 11.24

Dear Mr. Randazza:

Enclosed please find a service copy of a Final Order signed on behalf of the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office.

The Final Order will be published on the USPTO FOIA web page (https://foiadocuments.uspto.gov/oed/) and the Notice of Stayed Suspension will be published in the Official Gazette.

If you require any additional information or records, you may contact the Office of Enrollment and Discipline at 571-272-4097, or by writing to Mail Stop OED, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Sincerely,

Tricia Choe
Associate Counsel
Office of General Law

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE DIRECTOR OF THE**
**UNITED STATES PATENT AND TRADEMARK OFFICE**

|  |  |  |
|---|---|---|
| In the Matter of: | ) | |
| | ) | |
| Marc J. Randazza, | ) | Proceeding No. D2019-25 |
| | ) | |
| Respondent | ) | |
| | ) | |

### FINAL ORDER PURSUANT TO 37 C.F.R. § 11.24

Pursuant to 37 C.F.R. § 11.24(b), Marc J. Randazza ("Respondent") is hereby suspended

from the practice of trademark and other non-patent law before the United States Patent and

Trademark Office ("USPTO" or "Office") for one year, stayed for eighteen months subject to

conditions, for violation of 37 C.F.R. § 11.804(h).

#### Background

By Order dated October 10, 2018, the Supreme Court of the State of Nevada in its order

in *In the Matter of Discipline of Marc J. Randazza, Esq., Bar No. 12265*, Case No. 76453,

suspended Respondent for one year, stayed for eighteen months subject to conditions, from the

practice of law in that jurisdiction.

On June 11, 2019, a "Notice and Order Pursuant to 37 C.F.R. § 11.24" ("Notice and

Order"), was sent by certified mail (receipt no. 70172620000001058230) notifying Respondent

that the Director of the Office of Enrollment and Discipline ("OED Director") had filed a

"Complaint for Reciprocal Discipline Pursuant to 37 C.F.R. § 11.24" ("Complaint") requesting

that the Director of the USPTO impose reciprocal discipline upon Respondent identical to the

discipline imposed by the Supreme Court of the State of Nevada on October 10, 2018 in *In the*

*Matter of Discipline of Marc J. Randazza, Esq., Bar No. 12265*, Case No. 76453. The Notice

and Order was delivered to Respondent on June 14, 2019.

The Notice and Order provided Respondent an opportunity to file, within forty (40) days,

a response opposing the imposition of reciprocal discipline identical to that imposed by the State of Nevada, based on one or more of the reasons provided in 37 C.F.R. § 11.24(d)(1). Respondent filed a timely letter dated July 15, 2019 responding to the Notice and Order.

## Analysis

In his response, Respondent indicates that he is "amenable to the imposition of discipline identical to that imposed by the Supreme Court of the State of Nevada in *In the Matter of Discipline of Marc J. Randazza, Esq., Bar No. 12265*, Case No. 76453." (Ex. 1). He further states that he "[does] not believe there is any genuine issue of material fact that the imposition of identical discipline would be unwarranted." *Id.*

Given that Respondent believes that it is appropriate for the USPTO to impose reciprocal discipline on the same terms and conditions as those set forth in the October 10, 2018 Order of the Supreme Court of the State of Nevada in *In the Matter of Discipline of Marc J. Randazza, Esq., Bar No. 12265*, Case No. 76453, it is hereby determined that there is no genuine issue of material fact under 37 C.F.R. § 11.24(d), and that it is the appropriate discipline to suspend Respondent from the practice of trademark and other non-patent law before the USPTO for one year, stayed for eighteen months, subject to Respondent's successful compliance with conditions during the eighteen-month stay, as set by the Supreme Court of the State of Nevada.

ACCORDINGLY, it is hereby ORDERED that:

1.      Respondent be, and hereby is, suspended from the practice of trademark and other non-patent law before the USPTO for one year, stayed for eighteen months, subject to Respondent's successful compliance with conditions during the eighteen-month stay, as set by the Supreme Court of the State of Nevada, effective the date of this Final Order;

2.      The OED Director publish a notice in the Official Gazette that is materially consistent with the following:

2

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00281-JJM-LDA    Document 6-1    Filed 07/02/21    Page 75 of 81 PageID #: 329

## Notice of Stayed Suspension

This notice concerns Marc J. Randazza of Las Vegas, Nevada, who is authorized to practice before the Office in trademark and non-patent matters. In a reciprocal disciplinary proceeding, the Director of the United States Patent and Trademark Office ("USPTO") has ordered that Mr. Randazza be suspended from practice before the USPTO in trademark and other non-patent matters for one year, stayed for eighteen months subject to conditions, for violating 37 C.F.R. § 11.804(h), predicated upon being suspended (stayed) from the practice of law by a duly constituted authority of a State. Mr. Randazza is not authorized to practice before the Office in patent matters.

Mr. Randazza was suspended for one year, stayed for eighteen months subject to conditions set by the Supreme Court of the State of Nevada, for knowingly violating duties owed to his client (conflict of interest) and the legal profession (restrictions on the right to practice) arising out of a matter in which Mr. Randazza loaned money to his client without informing the client in writing of the desirability of obtaining independent counsel, and by negotiating with opposing counsel to receive, as part of a settlement, a retainer for future legal services.

This action is taken pursuant to the provisions of 35 U.S.C. § 32 and 37 C.F.R. § 11.24. Disciplinary decisions are available for public review at the Office of Enrollment and Discipline's FOIA Reading Room, located at: https://foiadocuments.uspto.gov/oed/;

and

3.    The OED Director give notice pursuant to 37 C.F.R. § 11.59 of the public

discipline and the reasons for the discipline to disciplinary enforcement agencies in the state(s)

where Respondent is admitted to practice, to courts where Respondent is known to be admitted,

and to the public.

23 July 2019
_____
Date

David Shewchuk
Deputy General Counsel for General Law
United States Patent and Trademark Office

on delegated authority by

Andrei Iancu
Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office

3

cc:

OED Director

Mr. Marc J. Randazza
Randazza Legal Group, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

4

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

1:21-CV-00201-JJM-LDA   Document 6-1   Filed 07/02/21   Page 77 of 81 PageID #: 331

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Final Order Pursuant to 37 C.F.R. § 11.24 was mailed by first-class certified mail, return receipt requested, on this day to the Respondent at the address listed by the Nevada State Bar for Respondent and to where the OED Director reasonably believes Respondent receives mail::

Mr. Marc J. Randazza
Randazza Legal Group, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

_7/23/2019_____

Date

United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

5

## Notice of Stayed Suspension

This notice concerns Marc J. Randazza of Las Vegas, Nevada, who is authorized
to practice before the Office in trademark and non-patent matters.  In a reciprocal
disciplinary proceeding, the Director of the United States Patent and Trademark
Office ("USPTO") has ordered that Mr. Randazza be suspended from practice
before the USPTO in trademark and other non-patent matters for one year, stayed
for eighteen months subject to conditions, for violating 37 C.F.R. § 11.804(h),
predicated upon being suspended (stayed) from the practice of law by a duly
constituted authority of a State.  Mr. Randazza is not authorized to practice before
the Office in patent matters.

Mr. Randazza was suspended for one year, stayed for eighteen months subject to
conditions set by the Supreme Court of the State of Nevada, for knowingly
violating duties owed to his client (conflict of interest) and the legal profession
(restrictions on the right to practice) arising out of a matter in which Mr.
Randazza loaned money to his client without informing the client in writing of the
desirability of obtaining independent counsel, and by negotiating with opposing
counsel to receive, as part of a settlement, a retainer for future legal services.

This action is taken pursuant to the provisions of 35 U.S.C. § 32 and
37 C.F.R. § 11.24.  Disciplinary decisions are available for public review at the
Office of Enrollment and Discipline's FOIA Reading Room, located at:
https://foiadocuments.uspto.gov/oed/.

23 July 2019
_____
Date

David Shewchuk
Deputy General Counsel for General Law
United States Patent and Trademark Office

on delegated authority by

Andrei Iancu
Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

Case 1:21-cv-00281-JJM-LDA   Document 6-1   Filed 07/02/21   Page 79 of 81 PageID #: 333

# **Exhibit 15**

Order Discharging Suspension, U.S. District Court for the District of Massachusetts
(June 23, 2020)

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

CV-00281-JJM-LDA   Document 6-1   Filed 07/02/21   Page 80 of 81 PageID #: 334

Case 1:18-mc-91490-FDS   Document 19   Filed 06/23/20   Page 1 of 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|                |                          |     |                          |
|----------------|--------------------------|-----|--------------------------|
|                |                          | )   |                          |
|                |                          | )   |                          |
|                |                          | )   |                          |
| IN RE:         | **MARC J. RANDAZZA**     | )   | MISC. BUSINESS DOCKET    |
|                |                          | )   | No.: 18-mc-91490-FDS     |
|                |                          | )   |                          |
|                |                          | )   |                          |
|                |                          | )   |                          |

## ORDER

1. WHEREAS, on September 3, 2019, the U.S. Patent and Trademark Office caused o be filed with this Court a Final Order suspending Mr. Randazza for one (1) year, stayed for eighteen (18) months subject to conditions with respect to **MARC J. RANDAZZA**;

2. WHEREAS, on September 26, 2019, pursuant to Local Rule 83.6.9(b), a reciprocal Order of Term Suspension/Stayed was issued by Chief Judge Saylor IV;

3. WHEREAS, on April 30, 2020, Attorney Sara Holden representing **MARC J. RANDAZZA** filed an Order notifying the Court that Mr. Randazza has successfully completed the conditions of his stayed suspension as set forth in the Nevada Supreme Court's Order retroactive to October 10, 2018;

WHEREFORE, it is hereby ORDERED that **MARC J. RANDAZZA** shall no longer be subject to the twelve (12) month term suspension for the misconduct that gave rise to the petition for discipline.

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: June 23, 2020                     Chief Judge, United States District Court

Case Number: PC-2021-00224
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 3:42 PM
Envelope: 3067277
Reviewer: Jaiden H.

Case 3:21-cv-00201-JJM-LDA   Document 6-1   Filed 07/02/21   Page 81 of 81 PageID #: 335

# **Exhibit 16**

Order of Suspension, U.S. District Court for the District of Nevada
(Oct. 22, 2019)